499 So.2d 978 (1986)
Alfred B. CANNON, Plaintiff-Appellant,
v.
INSURED LLOYDS, et al., Defendants-Appellees.
No. 85-834.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*979 Darrel D. Ryland, Marksville, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, George Gaienne, III, Alexandria, for intervenor-appellant.
H. Gregory Walker, of Percy & Walker, and Stafford, Stewart & Potter, Russell L. Potter, Alexandria, Peter Lemoine, Bunkie, Guglielmo & Lopez, Gina Tuttle, Opelousas, McLure & Pickels, John S. Pickels, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
GUIDRY, Judge.
This appeal and companion appeals stem from the district court's judgments sustaining several motions for summary judgment in favor of certain defendants. Since the trial court rendered a separate judgment on each motion, three appeals were confected. These three appeals were consolidated upon motion of appellants. For the reasons hereafter set forth, we decide the issues presented in all three appeals in this opinion, but will render separate decrees in the following two matters similarly entitled "Cannon v. Insured Lloyds, et al", 499 So.2d 985 (La.App. 3rd Cir.1986), and 499 So.2d 985 (La.App. 3rd Cir.1986).
This action was brought by Alfred B. Cannon[1] as a result of an automobile accident in which he allegedly sustained injuries. The accident occurred on March 7, 1984. At the time of the accident, Cannon was a guest passenger in a rented van owned by Truck Rentals of Louisiana, Inc. and being driven by Bruce D. Roy. Also a passenger in the van at the time was Earl Fontanille. Cannon sustained injuries when a pickup truck, owned by Roy and being driven by Marshall Lavalais, struck the van in which he was riding from the rear. The pickup truck was towing a gooseneck trailer owned by Central Pecan Shelling Company, Inc. (Central Pecan). A piece of farm equipment and several sacks of pecans were being hauled on the trailer.
Made defendants in the instant suit are the following: (1) Insured Lloyds (Lloyds), the primary liability insurer of the Bruce D. Roy truck driven by Lavalais; (2) Empire Fire and Marine Insurance Company (Empire), the excess liability insurer of the Roy truck; (3) Forum Insurance Company (Forum), insurer of the van owned by Truck Rentals of Louisiana, Inc.; (4) Bruce D. Roy, individually and doing business as Bruce Roy Farms; (5) American Manufacturers Mutual Insurance Company (American), the general comprehensive insurer of Roy and Bruce Roy Farms; and, (6) Commercial *980 Union Insurance Company (Commercial Union), the comprehensive liability insurer of Central Pecan.
Central Pecan and First Horizon Insurance Company (First Horizon) intervened in the instant suit. First Horizon is Central Pecan's worker's compensation insurance carrier which had paid and was continuing to pay Cannon's disability benefits as well as his hospital and medical expenses. Central Pecan and First Horizon seek, through the intervention, reimbursement for all sums expended by them in worker's compensation and medical payments on behalf of Cannon.
Empire filed a third party demand against Roy asserting that the accident occurred as a result of his negligence. Empire seeks indemnification and/or contribution from Roy in the event that it is cast in judgment on the principal demand.
Empire and Lloyds thereafter moved for summary judgment on the basis of several exclusionary provisions of their respective policies of insurance. These exclusions provide, in effect, that coverage does not lie in situations where the accident and resultant injury are brought about by the acts of a co-employee. This exclusion is commonly known as the "cross-employee exclusion." In support of their position, Empire and Lloyds contend that, at the time of the accident, Lavalais and Cannon were co-employees.
Following a hearing on the matter, the trial court rendered judgment in favor of Empire and Lloyds, granting their motions for summary judgment and dismissing Cannon's and the intervenors' claims against them. The trial court based its decision on a finding that Lavalais and Cannon were co-employees of Central Pecan at the time of the accident.[2] Cannon, Central Pecan, and First Horizon thereafter jointly appealed this decision.
Shortly thereafter, Forum and Roy also filed motions for summary judgment. Roy's motion was premised on the argument that, since he and Cannon were co-employees of Central Pecan, he was immune from tort liability pursuant to La. R.S. 23:1032.[3] Forum asserted that it was similarly entitled to a summary judgment due to the fact that Roy, its contractual insured, was immune from suit by his co-employee, Cannon. The trial court granted these motions for summary judgment for the reasons previously set forth by it in its written reasons for judgment in favor of Empire and Lloyds. Cannon, Central Pecan and First Horizon thereafter appealed the trial court's judgment in favor of Roy and Forum.
Commercial Union moved for summary judgment on September 6, 1985, contending that, since it was the comprehensive liability insurer of Central Pecan, Cannon's employer, Cannon was precluded from instituting suit against it. Commercial Union urged that Cannon's exclusive remedy against Central Pecan and its insurers was in worker's compensation. Commercial Union additionally argued that the insurance policy afforded to Central Pecan contained a specific exclusion regarding injuries to Central Pecan's employees occurring while they were acting within the scope and course of their employment. Judgment was rendered in favor of Commercial Union, dismissing the claims of plaintiff and intervenors. Plaintiff and intervenors appealed the trial court's judgment in this respect also. All appeals were subsequently consolidated.

FACTS
The facts giving rise to this litigation were thoroughly and succinctly set forth by the trial judge in his written reasons for *981 judgment dated May 16, 1985. We adopt his factual findings which are as follows:
"Bruce Roy was one of the managing officers and an employee of Central Pecan Shelling Company, Inc. (`Central Pecan') and the owner and operator of his own farm under the name of Bruce Roy Farms. There is no business connection between Central Pecan and Bruce Roy Farms other than Bruce Roy being an employee of one and the owner of the other. Alfred Cannon and Earl Fontanille were regular employees of Central Pecan and occasional employees of Bruce Roy Farms. Marshall Lavallais[4] was a regular employee of Bruce Roy Farms and an occasional employee of Central Pecan.
On March 7, 1984, Roy, Cannon, Fontanille and Lavallais set out on the following mission: Roy was driving a rental van with Cannon and Fontanille riding as guest passengers departing from Mansura, Louisiana (the location of Central Pecan) in Avoyelles Parish. Their primary mission was to buy and pick up pecans in sacks and bring them back to the Central Pecan plant in Mansura for processing. On the same trip, Roy wanted to return a piece of farm equipment (which he had borrowed to use on his farm), to a farm in St. Landry Parish, Louisiana. The equipment was loaded on a trailer being pulled by a truck owned by Roy personally and being driven by Lavallais. Lavallais was to follow the van for directions as to where the equipment was to be delivered. The plan was that the pecans which would be purchased along the way prior to reaching the delivery point of the farm equipment, were to be loaded on the trailer being pulled by Lavallais and after the delivery of the farm equipment, Lavallais was to return to Central Pecan with the pecans; Roy, Cannon and Fontanille were to continue on their pecan buying trip in the van and return later to Central Pecan.
Both vehicles stopped at two locations where pecans were purchased and loaded onto the trailer with the farm equipment being pulled by the Roy truck and driven by Lavallais. Lavallais helped to load the pecans at one of the stops. The farm equipment was to be delivered after the second buying stop. However, the vehicles were involved in an accident before the equipment was delivered. Roy was driving the van ahead of the truck and when he reduced his speed in order to turn, Lavallais was unable to reduce the speed of the truck quickly enough and it collided into the rear of the van. In the accident, Cannon was injured."
Based upon the above factual findings, the trial court determined that Cannon, Lavalais and Roy were all employees of Central Pecan at the time of the accident. Summary judgment was rendered in favor of Lloyds and Empire, relying on the "cross-employee exclusions". The summary judgments rendered in favor of Forum, Roy, and Commercial Union were also based upon the findings set forth above.
Appellants contend on appeal that the trial court erred in rendering summary judgments in favor of Lloyds, Empire, Forum, Roy and Commercial Union in that there does exist a genuine issue as to a material fact, i.e., what was the employment status of Marshall Lavalais at the time of the accident?

SUMMARY JUDGMENT
La.C.C.P. art. 966 provides that a mover shall be entitled to a summary judgment "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". Therefore, a motion for summary judgment may not be granted if there exists any real doubt as to the existence of a genuine issue of material *982 fact. Vermillion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
It is well settled that a summary judgment is not to be used as a substitute for a trial on the merits and weighing evidence or making evaluations of credibility have no place in determining a summary judgment. Urban Management Corp. v. Burns, 427 So.2d 1310 (La.App. 2d Cir. 1983); Marzula v. White, 431 So.2d 858 (La.App. 2d Cir.1983). The trial court should not seek to determine whether it is likely that the mover will prevail on the merits but rather whether there exists an issue of material fact. Frye v. Texas Brine Corp., 425 So.2d 310 (La.App. 3rd Cir.1982).
The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
A fact is "material" if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983). We thus conclude that the issue of Lavalais' employment status at the time of the accident is clearly a material fact.
We must therefore examine the summary judgments granted by the trial court, as they relate to the various defendants, to determine whether there existed at the time of the hearing a genuine dispute as to any material fact rendering the trial court's decision as to each proper.

LLOYDS AND EMPIRE
As noted earlier, the basis for Lloyds' and Empire's motions for summary judgment is that their insurance policies contain "cross-employee exclusions", which deny coverage in situations where an employee is injured by a co-employee. The trial court concluded that there existed no genuine dispute as to the fact that Cannon and Lavalais were co-employees at the time of the accident. In reaching his conclusion as to Lavalais' status as an employee of Central Pecan, the trial judge reasoned as follows:
"The next question is whether Lavallais and Cannon were co-employees of Central Pecan at the time of the accident. The court finds that there is no genuine issue as to the fact that Cannon, Lavallais and Bruce Roy were all employees of Central Pecan, not only at the time of the accident but during the entire venture. There is certainly no question as to Cannon and Roy because they were salaried employees of Central Pecan. As to Lavallais:
a) He loaded pecans onto the trailer which was on the Bruce Roy truck;
b) At the time of the accident, he was driving a truck pulling a trailer loaded with pecans owned by Central Pecan;
c) His assignment was to drive the trailer loaded with pecans back to Mansura and deliver the pecans to the Central Pecan plant.
Certainly Lavallais was working for someone when he was loading the pecans and if not for Central Pecan, then for whom? Based upon the jurisprudence relating to joint employer situations, it is clear that if Lavallais had been injured in the accident, both Central Pecan and Bruce Roy Farms would have been liable under the workers' compensation law."
The trial judge then proceeded to cite excerpts from various depositions which indicated that Lavalais did assist in loading pecans onto the trailer at one of the two stops made prior to the accident, and that Lavalais had worked at Central Pecan occasionally in the past.
In support of its conclusion, the trial court cited two cases, Richard v. United States Fidelity & Guaranty Co., 247 La. *983 943, 175 So.2d 277 (1965), and Stephney v. Robertson, 219 So.2d 9 (La.App. 4th Cir. 1969), for the proposition that an employee can be employed by two different employers at the same time. We note here that in both cases, the status of the employee in question was a factual finding by the court as a result of a trial on the merits. The employment issues in those cases were not disposed of on summary judgment.
Considering the evidence filed in support of the motions for summary judgment in a light most favorable to appellants, we conclude that the trial court clearly erred in granting summary judgments in favor of Lloyds and Empire. We view the evidence in the record concerning Lavalais' employment status at the time of the accident to be equivocal at best and certainly in serious dispute.
There exists a serious dispute in the record as to whether Lavalais was employed by Central Pecan, Bruce Roy Farms, or both at the time of the accident. Although the evidence indicates that Lavalais did assist in loading pecans onto the trailer which he was hauling and was presumably going to transport back to Central Pecan, there is also evidence which indicates that Central Pecan did not pay Lavalais for this work. Roy's affidavit clearly states that Lavalais was solely an employee of Bruce Roy Farms at the time in question and that his (Lavalais') sole purpose on the day of the accident was to transport a piece of borrowed farm equipment, on behalf of Bruce Roy, to a Mr. Madison Firmin in Rosa, Louisiana. Although the trailer being used to haul the farm equipment was owned by Central Pecan, Roy stated he was using such in connection with his farming operations.
In his deposition, Lavalais stated that he was working for Bruce Roy Farms[5] on the date of the accident. Lavalais stated that his mission that day was to return a borrowed cultivator for Roy. Lavalais additionally stated in deposition that he followed Roy, who was driving the rental van, so that Roy could lead him to Firmin's house. At the time of the accident, Lavalais was about one and one-half miles from Firmin's house. Lavalais further stated that he was paid by Roy for the work he performed on that day.
Although the trial court found that Lavalais was to return to Central Pecan after delivering the cultivator in order to drop off the pecans to Central Pecan, it is just as reasonable a conclusion that he was going to Central Pecan to return the borrowed trailer, which incidentally was loaded with pecans.
In any event, in reaching his decision that Cannon and Lavalais were co-employees at the time of the accident, the trial court necessarily weighed the evidence presented at the hearing and made evaluations of credibility. In this regard, he erred. The weighing of evidence and determinations of credibility in reaching a final conclusion of fact are proper at a trial on the merits but not at a hearing on a motion for summary judgment. For these reasons, we will reverse the trial court's judgments of May 21, 1985 and May 24, 1985 pertaining to Lloyds and Empire, and remand this matter for further proceedings.

BRUCE D. ROY
Roy was granted a summary judgment by the trial court on the ground that Roy and Cannon were co-employees of Central Pecan, and thus Roy is immune from suit by Cannon for tort liability arising in the course and scope of their employment with Central Pecan. La.R.S. 23:1032. We agree that the evidence considered on the motion for summary judgment shows, without dispute, that Roy and Cannon were co-employees of Central Pecan at the time of the accident. Roy admits this fact in his affidavit and Cannon judicially admits such fact in his amended petition joining Commercial Union as a party defendant. Therefore, Roy is indeed immune from tort liability to Cannon, insofar as his (Roy's) negligent conduct may have caused injury *984 to Cannon. However, despite the fact that Roy and Cannon were co-employees, Roy is not entitled to be dismissed from the instant suit because of his potential liability under the doctrine of respondeat superior, as the employer of Lavalais. An employer is vicariously liable for the torts committed by his employee if, at the time, the employee was acting within the course and scope of his employment. La.C.C. art. 2320; Campbell v. Mouton, 412 So.2d 191 (La. App. 3rd Cir.1982), writ denied, 415 So.2d 954 (La.1982). If, after a trial on the merits, Lavalais is found to have been negligent; an employee of Bruce Roy Farms at the time of the accident; and, as such, acting within the course and scope of his employment, then Roy can be held vicariously liable for the injuries sustained by Cannon. Posey v. LeMoine, 471 So.2d 272 (La.App. 4th Cir.1985); cf. Franklin v. Haughton Timber Company, et al, 377 So.2d 400 (La.App.2d Cir.1979), writ denied, 380 So.2d 624 (La.1980).
For these reasons, the summary judgment dismissing plaintiff's suit against Bruce D. Roy, individually and doing business as Bruce Roy Farms, will be reversed and the matter remanded for further proceedings.

FORUM INSURANCE COMPANY
As noted earlier, Forum was the automobile liability insurer of Truck Rentals of Louisiana, Inc., the owner of the rented van in which Cannon was a passenger at the time of the accident. Forum's insurance policy also contains a provision for uninsured motorist coverage.
Forum's motion for summary judgment is premised on the argument that Roy, Lavalais, and Cannon were co-employees at the time of accident and, therefore, they and their insurers are immune from tort liability. The trial court granted summary judgment to Forum based upon this argument and we find no error in that respect insofar as it applies to any negligent conduct of Bruce Roy, a co-employee of Cannon. However, since we have determined that a disputed issue of fact remains concerning the employment status of Lavalais, it was error to dismiss plaintiff's suit as to Forum because of the latter's potential liability under the UM provisions of its policy.
Forum, as an uninsured motorist carrier, could potentially have liability in the instant case if Lavalais is found to be (1) negligent; (2) not a co-employee of Cannon, and; (3) underinsured. For this reason, the summary judgment rendered in favor of Forum Insurance Company was erroneous. We will reverse that judgment and remand this cause to the trial court for further proceedings.

COMMERCIAL UNION
Finally, the trial court granted Commercial Union's motion for summary judgment on the basis of a policy exclusion in Commercial Union's insurance policy which excluded coverage for individuals who are employed by the insured (Central Pecan) and within the course and scope of their employment at the time of the injury. It is undisputed that Cannon was an employee of Central Pecan (the insured) and was within the course and scope of his employment at the time of the accident. Thus, the trial court's ruling in this respect is correct, as the exclusionary provision in Commercial Union's policy is clearly applicable.
Irrespective of such exclusion, Commercial Union would still be entitled to summary judgment for the reason that Cannon's exclusive remedy against his employer is in worker's compensation. La.R.S. 23:1032. The defense of tort immunity under 23:1032 is not personal to the employer, but can also be invoked by his insurer. Boudreaux v. Verret, 422 So.2d 1167 (La.App. 3rd Cir.1982). Thus, Commercial Union, as Central Pecan's insurer, is immune from tort liability as to Cannon. For these reasons, we find no error in the trial court's grant of summary judgment in favor of Commercial Union.

DECREE
For the above and foregoing reasons, the trial court's judgment dismissing plaintiff's *985 and intervenors suit against Insured Lloyds and Empire Fire & Marine Insurance Company is reversed and this matter is remanded to the trial court for further proceedings consistent with the views expressed. Insured Lloyds and Empire Fire & Marine Insurance Company are cast with all costs of this appeal. Costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff's wife, Ella Mae Sampson Cannon, later joined in the suit with her husband, seeking damages for loss of consortium.
[2] Cannon applied to this court for a writ of certiorari to review the trial court's judgment granting Empire and Lloyds' motions for summary judgment. We denied said application on July 16, 1985, our docket number 85-567, for reason that Cannon had an adequate remedy by appeal.
[3] La.R.S. 23:1032 grants immunity from civil liability to an employee who negligently injures a co-employee while engaged in the course and scope of his employment.
[4] Only in the trial court's reasons for judgment is defendant's name spelled with two "l's". It appears that this was simply a clerical error.
[5] Bruce Roy Farms is also referred to as the 4-D Ranch throughout the record.