HALL, Chief Judge.
Plaintiff Eddie L. Smith sued defendants Robert Plunk d/b/a Plunk’s Wrecker Service and West Monroe Used Cars and Wrecker Service, Allen L. Plunk, and their liability insurer American Universal Insurance Company for damages he sustained in an accident allegedly caused by Allen Plunk’s negligence which occurred while plaintiff allegedly was engaged in his employment with Caldwell Drilling Service as part of a crew transporting a barge on a truck operated by Walter M. “Pete” Caldwell. The accident occurred when the loaded truck Caldwell was driving struck a *1367 utility pole causing the electrical lines attached to fall around the nearby vehicles. Plunk, who was escorting the barge, shifted his wrecker into reverse, backed-up and struck the front left corner of the vehicle driven by Smith causing his injuries.
Defendants filed a third party demand against Caldwell for indemnity or contribution alleging Caldwell’s negligence, that the barge or houseboat being transported was personally owned by Caldwell, that Smith was not in the course and scope of his employment, and that Caldwell was not in the course and scope of his employment with Pete Caldwell Drilling Company, Inc. at the time of the accident. Caldwell answered, alleging that Smith was in the course and scope of his employment with Pete Caldwell Drilling Company, Inc. at the time of the accident, the barge being transported was owned by the drilling company, and the barge was to be used for company business.
Caldwell subsequently moved for summary judgment alleging that Smith was employed by Pete Caldwell Drilling Company, Inc. and was engaged in his employment at the time of the accident. Caldwell also alleged that he is a principal, officer, director, shareholder and employee of the drilling company and was engaged in the normal course and scope of his employment at the time of the accident. Caldwell pled that any rights of Smith against Pete Caldwell Drilling Company, Inc. and/or Walter M. Caldwell are exclusively for worker’s compensation under LSA-R.S. 23:1032 and thereby precludes third party plaintiffs from recovering indemnity or contribution from Caldwell as a joint tortfeasor.
The trial court, after considering the pleadings and discovery depositions filed in the record, held that there were no genuine issues of material fact and that Caldwell was immune from tort liability for the injuries to Smith, precluding indemnity or contribution. Summary judgment was granted dismissing the third party demand. Third party plaintiffs-defendants appealed. Finding that there are genuine issues of material fact, we reverse and remand.
Generally, the depositions in the record suggest but do not definitively establish the following facts. Pete Caldwell was engaged in several businesses, one of which was Pete Caldwell Drilling Company, Inc., a corporation of which Caldwell was principal or sole stockholder, president, director, and controlled operations and personnel. Other businesses, not incorporated, included a tractor or heavy equipment business and a service station business. Caldwell also owned farm property, held by a corporation. Smith worked regularly for Caldwell as a jack-of-all-trades in his business enterprises, probably on the payroll of the drilling company although this is not certain from the depositions. While business was slow, Caldwell had employees build a houseboat or barge at the drilling company shop. Whether the barge was owned by the drilling company or by Caldwell individually and whether it was to serve any business purpose or was Caldwell’s personal pleasure project is uncertain. Caldwell and a number of employees, including Smith, during normal working hours, at Caldwell’s direction, were transporting the barge to be launched in the river at the time of the accident. Smith is being paid worker’s compensation benefits by the drilling company’s compensation insurer, who intervened in this suit to recover from the defendants benefits paid to Smith.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. The papers supporting mover’s posi *1368 tion are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. LSA-C.C.P. Art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Marzula v. White, 431 So.2d 858 (La.App. 2d Cir.1983).
It is well settled that a summary judgment is not to be used as a substitute for a trial on the merits and weighing evidence or making evaluations of credibility have no place in determining a summary judgment. The trial court should not seek to determine whether it is likely that the mover will prevail on the merits but rather whether there exists an issue of material fact. The burden of proof in a motion for summary iudgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. A fact is “material” if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are “material” if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. Cannon v. Insured Lloyds, 499 So.2d 978 (La.App. 3d Cir.1986).
Applying these rules to the materials presented in support of the motion for summary judgment and applicable law, we find there are material facts in dispute and Caldwell did not satisfy his burden.
LSA-R.S. 23:1031 provides:
If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated....
LSA-R.S. 23:1032 provides:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof....
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment....
LSA-R.S. 23:1035 provides:
A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer’s trade, business, or occupation, except that the bona fide president, vice president, secretary, and treasurer of a corporation who owns not less than ten percent of the stock therein, or a partner with respect to a partnership employing him, or a sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter....
Thus, an employee who is injured by accident arising out of and in the course of his employment while performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation is entitled to worker’s compensation benefits. The employee’s compensation rights are exclusive of all other rights against his employer, and are exclusive of all other rights against officers, directors, stockholders, partners *1369 or employees of the employer if such person is engaged in the normal course and scope of his employment at the time of the injury.
Ultimate facts material to this case placed at issue by the diametrically opposed pleadings of the parties include: 1) by whom was Smith employed, regularly and at the time of the accident; 2) was Smith in the course of his employment by his employer at the time of the accident; 3) was his employment connected with his employer’s trade, business or occupation; 4) was Caldwell Smith’s employer or was he a co-employee; and 5) was Caldwell in the normal course and scope of his employment by Pete Caldwell Drilling Company, Inc. at the time of the accident.
Many evidentiary facts and factors must be considered in reaching these ultimate conclusions of fact. Discovery depositions and motion for summary judgment are not substitutes for trial of disputed facts. The factual contentions of the parties are directly opposed and in dispute. The testimony contained in the discovery depositions does not resolve with certainty the factual disputes which are material to a resolution of the legal dispute between the parties. The depositions, taken for purposes of discovery, fall far short of establishing with certainty the material facts in dispute.
Determination of the legal issues, thoroughly briefed by the parties, depends initially on a determination of the facts of the case. The facts, which are in dispute, cannot be determined from the discovery depositions filed into evidence. It would serve no useful purpose for us to attempt in this opinion to opine as to the legal consequences that might flow from different facts that might be developed upon trial of this case. Suffice it to say that, unlike the trial court, we are unable to conclude that there is no factual scenario that might be developed which would support the third party demand. There are genuine issues of material fact and summary judgment is not appropriate.
The judgment of the district court is reversed and set aside, the motion for summary judgment is overruled, and the case is remanded to the district court for further proceedings. Costs of the appeal are assessed to third party defendant.
Reversed and Remanded.