539 So.2d 66 (1988)
Charles Dale GIDDINGS, Plaintiff/Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY,[*] et al., Defendants/Appellees.
No. 19862-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1988.
On Rehearing February 22, 1989.
Writ Denied April 21, 1989.
*67 Campbell, Campbell & Johnson by James M. Johnson, Minden, for plaintiff/appellant.
Cook, Yancey, King & Galloway by Brian A. Homza, Shreveport, for Commercial Union Ins. Co., Leroy Patterson and Cecile Merritt Patterson.
Kitchens, Benton, Kitchens, Bolin & Warren by Paul E. Kitchens, Minden, for Leroy Patterson and Cecile Merritt Patterson.
Before HALL, C.J., and JASPER E. JONES and FRED W. JONES, Jr., JJ.
HALL, Chief Judge.
In this personal injury action plaintiffs Mrs. Charles Dale Giddings, Charles Albert Giddings, and Linda Giddings Harris appeal the granting of a motion for summary judgment in favor of defendants Leroy Patterson, Cecile Merritt Patterson, and Commercial Union Insurance Company. Finding the trial court erred in dismissing the action, we reverse and remand.
The discovery depositions indicate, but do not establish beyond dispute, the following facts. At approximately 1:30 p.m., May 28, 1984, Leroy Patterson was visiting a neighbor across the street from his house when he heard a loud cracking noise. The neighbor told Patterson that a large limb in the Pattersons' pecan tree was beginning to break. The limb continued to break for approximately one and one half hours until the end of the limb rested upon the ground and across the Pattersons' chain link fence, with a portion of the limb still attached to the trunk of the tree. The limb was totally within the boundaries of the Pattersons' property and no one was injured during the initial fall. Patterson began trimming the smaller branches touching the ground with an ax thereby allowing the upper portion of the limb, still attached to the trunk, to ease downward. Charles Dale Giddings, the Pattersons' next door neighbor, returned home and offered Patterson the use of his chainsaw. Patterson accepted his offer and sawed branches until he became tired. Giddings then came over, picked up his chainsaw, and began sawing branches. As Giddings was cutting branches the limb separated from the trunk of the tree and began falling. Giddings ran in an attempt to avoid the limb but was struck by it, resulting in severe injuries. The limb may have split off initially because it was diseased or rotten or because it was overloaded with pecans.
Giddings filed suit against the Pattersons and their liability insurer, Commercial Union Insurance Company, alleging the accident was caused by vices and defects in the tree and pleading the "strict liability fault" of Patterson. There are no allegations of negligence. Giddings subsequently died from a stroke apparently unrelated to the accident and appellants were substituted as party plaintiffs. Defendants answered, denying liability and pleading victim fault, contributory negligence, and assumption of the risk as defenses. Defendants later filed a motion for summary judgment, supported by discovery depositions. The motion was granted and judgment was rendered in favor of defendants with the trial court stating in part:
[T]he [c]ourt is of the opinion that whether there was a defect in the tree which caused this limb to split off and fall from the tree initially is not a material fact in this lawsuit because that initial fall did not cause plaintiff's injury. Plaintiff's injury was caused when he cut the branch which had been supporting the fallen limb. There is no dispute as to the fact that it was this act by plaintiff that caused the limb to fall to the ground and injure him.... Plaintiff's actions, regardless of his neighborly intentions, caused his own injuries....
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. LSA-C.C.P. Art. 966; Vermilion *68 Corp. v. Vaughn, 397 So.2d 490 (La. 1981); Smith v. American Universal Insurance Co., 522 So.2d 1366 (La.App.2d Cir.1988).
A summary judgment is not to be used as a substitute for a trial on the merits and weighing evidence or making evaluations of credibility have no place in determining a summary judgment. The trial court should not seek to determine whether it is likely that the mover will prevail on the merits but whether there exists an issue of material fact. The burden of proof in a motion for summary judgment is on the mover to establish that there is no genuine issue of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. A fact is "material" if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. Smith v. American Universal Insurance Co., supra; Cannon v. Insured Lloyds, 499 So.2d 978 (La.App.3d Cir.1986).
Applying these rules to the materials presented in support of the motion for summary judgment and applicable law, we find there are material facts in dispute and defendants did not carry their burden.
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. LSA-C.C. Art. 2317. The owner of a tree will be held liable if an injured person proves that a vice or defect existed which created an unreasonable risk of injury to others, and his damages occurred through this risk. In order to determine if a risk is unreasonable the court should use a balancing test similar to that used in negligence cases where the magnitude of the risk and the likelihood of harm is weighed against the cost or burden of preventing the risk and the social utility of the thing which caused the injury. Entrevia v. Hood, 427 So.2d 1146 (La.1983); Loescher v. Parr, 324 So.2d 441 (La.1975); LaJaunie v. Metropolitan Property and Liability Insurance Co., 481 So.2d 1357 (La.App. 1st Cir.1985). A potentially dangerous condition that should be obvious to all comers is not, in all instances, unreasonably dangerous. Murray v. Ramada Inn, Inc., 521 So.2d 1123 (La.1988).
Upon proof of the elements of strict liability, the owner is responsible for the damages unless he proves that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Entrevia v. Hood, supra; Loescher v. Parr, supra; LaJaunie v. Metropolitan Property and Liability Insurance Co., supra. In strict liability cases, if the court finds victim fault it then may apply comparative fault principles, utilizing comparative causation to reduce a negligent plaintiff's award on a case by case basis. LSA-C.C. Art. 2323; Howard v. Allstate Insurance Co., 520 So.2d 715 (La.1988); Landry v. State, 495 So.2d 1284 (La.1986); LaJaunie v. Metropolitan Property and Liability Insurance Co., supra. Assumption of risk no longer has a place in Louisiana tort law, cannot be utilized as a complete bar to plaintiff's recovery, and the types of plaintiff conduct which the defense has been used to describe are governed by concepts of comparative fault and duty/risk. Murray v. Ramada Inn, Inc., supra.
The trial court was in error in holding that the sole cause of plaintiff's injuries were his own actions. The condition of the tree initially and after the limb partially split from the tree, together with the actions of Patterson in sawing the branches to allow the limb to continue to split off from the tree, and the action of Giddings in sawing the branch supporting the weight of the limb, were all substantial contributing causes of the ultimate fall of the limb and resulting injuries to Giddings. The condition of the tree initially and after the limb partially split off from the tree was a cause in fact of the accident. The limb struck the victim and directly caused his injuries, making this case unlike Martinez v. Modenbach, 396 So.2d 471 (La.App. 4th Cir.1981), writ refused 399 So.2d 620 (La. 1981), heavily relied on by defendants, *69 where the plaintiff slipped on wet grass and was not directly harmed by defendant's dog which he was chasing.
Whether the tree was defective initially or after the limb partially split off, and whether the tree at either stage presented an unreasonable risk of harm, are determinations of fact and law that can only be made after all the evidence is in. The discovery deposition of the forestry expert is inconclusive as to the condition of the tree and the cause of the limb splitting off initially, leaving that material fact in dispute. Although negligence is not alleged as a theory of plaintiff's case, the theory of the case pled is not necessarily controlling and the actions taken by Patterson after the limb initially split off may be relevant and cannot be said to be undisputed based on the discovery depositions. Likewise, the obviousness of the danger and Giddings' actions are disputed and may be relevant to a consideration of whether there existed an unreasonable risk of harm, whether there was a breach of duty by defendant, the scope of defendant's duty, or whether Giddings was comparatively at fault. The record is particularly devoid of evidence useful in determining whether the limb posed an unreasonable risk of harm to others under the balancing test of Entrevia.
Trial of the case may not develop any evidence beyond that contained in the discovery depositions, but we cannot presume that to be so. In any event, the discovery depositions do not afford the trier of fact an adequate basis for evaluation of credibility, accuracy, weight, or factual inferences and conclusions to be drawn from the evidence. Nor do they afford an adequate basis for legal conclusions to be made on the basis of proven facts.
There being genuine issues of disputed fact and the defendants having failed to show that they are entitled to judgment as a matter of law, the summary judgment in favor of defendants is reversed, the motion for summary judgment is denied, and the case is remanded for further proceedings. Costs of the appeal are assessed to the defendants.
REVERSED AND REMANDED.
Before HALL, C.J., and FRED W. JONES, Jr., SEXTON, NORRIS and LINDSAY, JJ.

On Rehearing
FRED W. JONES, Jr., Judge.
In connection with the motion for summary judgment, the following undisputed facts were established: a large limb on Patterson's pecan tree broke until the end of the limb rested upon the ground and across Patterson's chain link fence, with a portion of the limb still attached to the tree trunk. The limb was totally within the boundaries of Patterson's property and no one was injured during the initial fall. Patterson began trimming the smaller branches touching the ground with an ax, thereby allowing the upper portion of the limb to ease downward. Patterson borrowed a chainsaw belonging to his neighbor, Giddings, and sawed branches until tiring. Giddings then came over and began sawing branches. During this process, the limb separated from the tree trunk and fell, striking Giddings and causing his injuries. The limb may have split off initially because it was diseased or rotten or because it was overloaded with pecans.
Ruling in favor of the mover for summary judgment, the trial judge held whether there was a defect in the tree causing the limb to split off was not a material fact because the initial fall did not cause Giddings' injury; that the injury was caused when Giddings cut the branch which had been supporting the fallen limb. Therefore, Giddings' injury was caused by his own act.
In our original opinion we reversed, finding that the trial court erred in holding that the sole cause of Giddings' injuries were his own actions; that the condition of the tree initially and after the limb partially split off from the tree was a cause in fact if the accident; and that whether the tree was defective was a material fact which was in dispute after consideration of material submitted in connection with the motion for summary judgment.
We granted a rehearing to consider defendant's contention that the falling of the *70 limb was not the legal cause of Giddings' injuries.
In determining legal cause the question is: did the risk and harm encountered by Giddings fall within the scope of protection of the rule that the owner of a tree will be held liable if an injured person proves that a defect existed which created an unreasonable risk of injury to others and the damages occurred through this risk? The legal policy implicit in this rule is that there must be some limitation of liability for unforeseeable consequences of one's actions or inactions.
We conclude that, although the existence of a defective tree may have been a chronological sequence in the steps preceding the accident, it was not a legal cause of the accident because it was not reasonable for the owner of the tree to anticipate the falling of the limb would result in this kind of accident.
For these reasons, we set aside our previously rendered judgment and, instead, render judgment affirming the judgment of the trial court sustaining the motion for summary judgment, at appellants' cost.
HALL, C.J., and NORRIS, J., dissent for the reasons assigned in the original opinion.
NOTES
[*] Editors Note: This opinion was originally published at 535 So.2d 997. It is published here with the opinion on rehearing.