LEDET, J.,
DISSENTING IN PART WITH REASONS
[ ^though I agree with the majority that the trial court did not err in granting Mr. Ohle’s exception of res judicata, I disagree with the majority’s findings on the other two issues—respondeat superior and fraud.

RESPONDEAT SUPERIOR

The trial court’s ruling on the responde-at superior issue has three parts: (i) whether Bank One was Mr. Ohle’s employer; (ii) whether Bank One and Banc One Investment Advisors Corporation (“BOIA”) were a “single business enterprise;” and (iii) whether, for purposes of imposing vicarious liability for the intentional torts at issue of fraud and conspiracy to defraud, Mr. Ohle’s acts benefited Bank One and thus were within the scope of his employment. As explained below, I would find the trial court erred in granting *410 summary judgment on any of these three issues.

Bank One’s employer status

The majority characterizes the evidence supporting a finding that Mr. Ohle was not Bank One’s employee as- “substantial.” Nonetheless, as Mr. Uhalt points out, “the record also contains ample evidence showing the opposite, that Bank One was the entity that hired Ohle, the entity that issued Employee Requisition forms for Ohle’s position, the entity that investigated Ohle and contemporaneously laid Inexplicit claim to his allegiance as an employee, and the entity that ultimately settled employment disputes with and terminated Ohle.”
Weighing factual evidence is inappropriate on summary judgment.[1] The question of employment status is a factual one.[2] Given the evidence presented, I would find there are material factual issues whether Bank One was Mr. Ohle’s employer. Regardless, Mr. Ohle could have had dual employment.[3] • ■

Single business enterprise issue

Even assuming, arguendo, that BOIA— not Bank One—was Mr. Ohle’s employer, it must be determined-whether, as Mr. Uhalt contends, Bank One and BOIA are a single business enterprise and thus both subject to liability. Mr. Uhalt contends that the record is replete “with documents and testimony showing a potential alter ego relationship between Bank One and BOIA that would render any distinction between the two meaningless.” Rejecting his contention, the majority states that “[w]e find no evidence in the record ... of the two entities acting as a single business enterprise.” I disagree. The question of whether- two or more entities constitute a single business enterprise generally is a factual one for the trier of fact to resolve.[4]
lain this case, the record contains sufficient evidence on this issue to present a genuine issue of material fact, precluding summary judgment.

Benefit to Bank One from Mr. Ohle’s Misconduct

Before rendering a final judgment dismissing Bank One, the trial court granted a partial summary judgment in Bank One’s favor on Mr. Uhalt’s respondeat superior claim. The trial court’s reason for doing so was that Bank One did not benefit from Mr. Ohle’s misconduct and thus could not be- liable for his intentional torts. Whether-Bank One benefited from Mr. Ohle’s mis *411 conduct is a factual issue. As majority acknowledges, Bank One had a trust department. Was not Bank One motivated to hire Ohle because he was trustee of the Ames’ Trust? I would find there is a genuine issue of material fact on this issue of whether Bank One benefitted from Mr. Ohle’s misconduct, precluding summary judgment.
FRAUD
In addressing this issue, the majority concludes that “there is no genuine issue of material fact as to whether Bank One fraudulently concealed Ohle’s actions from Mrs. Ames.” Both the majority and the trial court cite the absence of testimony from Mrs. Ames as a basis for finding that summary judgment on the fraud issue was appropriate. The trial court, in its reasons for judgment, noted that “[t]he ■ original plaintiff, Mrs. Ames has been interdicted and has never been deposed. She is the only person who would have been able to testify as to what she was told and what she relied upon in making financial decisions.” The lack of direct evidence of fraud, however, is not dispositive. Fraud may be proven through circumstantial evidence. Lomont v. Bennett, 14-2483, p. 12 (La. 6/30/15), 172 So.3d 620, 629. “Circumstantial evidence, including highly suspicious facts and circumstances, may be considered in determining whether fraud has been committed.” Id.
|4The trial court further reasoned that it could not find that Bank One had “a duty to notify an investor such as Mrs. Ames of potential problems with investment vehicles that did not come' through the bank.” As this reasoning implies, the trial court’s finding on the fraud issue was intertwined with its finding that Bank One had no respondeat superior liability for Mr. Ohle’s actions. Because I would • find summary judgment inappropriate on the respondeat superior liability issue, I likewise would find it inappropriate on the fraud issue.
In its answer to the appeal, Bank One argues that Mr.. Uhalt’s claims are prescribed. In our earlier opinion in this case, we rejected, on rehearing,. Bank One’s, argument, that allowing Ms. Ames’ fraud claims to go forward would circumvent La. R.S. 6:1124, which provides a one-year prescriptive period for a bank’s breach of fiduciary duties. Ames v. Ohle, 11-1540, p. 18, (La.App. 4 Cir. 5/23/12), 97 So.3d 386, 397. In so doing, we reasoned as follows:
Ames alleges that Bank One’? conduct was more than a passive failure to properly supervise Ohle but were affirmative actions to conceal their self-dealing transactions. The alleged intentional and deliberate acts are independent of the fiduciary duty owed . by Bank One. Therefore, Ames’s fraud action is personal in nature as defined by La. C.C.P. art. 422 and subject to a ten-year prescriptive period.
Id. Thus, we have already determined that Mrs. Ames’ (now Mr. Uhalt’s) claims for fraud and conspiracy to commit fraud are personal claims subject to a ten-year prescriptive period.
For the above reasons, I dissent in part.

. See Fiveash v. Pat O'Brien's Bar, Inc., 15-1230, p. 9 (La.App. 4 Cir. 9/14/16), 201 So.3d 912, 918 (holding that “the weighing of evidence and the evaluation of sworn testimony for its truthfulness is outside the scope of a court's authority on summary judgment.”); Cannon v. Insured Lloyds, 499 So.2d 978, 983 (La. App. 3d Cir. 1986) (holding that "[t]he weighing of evidence and determinations of credibility in reaching a final conclusion of fact are proper at a trial on the merits but not at a hearing on a motion for summary judgment.”).

. Cannon, supra.

. See Knoten v. Westbrook, 14-0892, p. 11 (La. App. 4 Cir. 5/18/16), 193 So.3d 380, 388-89, writ denied, 16-1260 (La. 10/28/16), 208 So.3d 890 (quoting Doe v. Parauka, 97-2434, p. 5, n. 4 (La. 7/8/98), 714 So.2d 701, 704) (stating that "an ‘individual may simultaneously be the employee of more than one employer for the purposes bf vicarious liability under La. Civ. Code art. 2320.' ”).

. See Boes Iron Works, Inc. v. Gee Cee Group., Inc., 16-0207 at p. 11 (La. App. 4 Cir. 11/16/16), 206 So.3d 938, 948 (holding that "[g]enerally, the determination of whether the [single business enterprise] SBE doctrine applies is a question of fact for the trial court to decide.”); see also Lee v. Clinical Research Ctr. of Florida, L.C., 04-0428, p. 7 (La.App. 4 Cir. 11/17/04), 889 So.2d 317, 323 (holding that "[w]hether or not a group of entities comprises a single business enterprise is a factual inquiry.”).