LOBRANO, J.,
CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS. .
hi respectfully. concur in part' and dissent in part. I agree with the majority that this case is' not prescribed. However, I disagree with the majority that the accident was foreseeable. Rather, the horrific accident in question was unprecedented and unforeseeable such that DTNA could *908 not have foreseen that a different design | ¿would be necessary at the time the tractor left the manufacturer’s control in 2006.[1] The testimony of all experts demonstrates that no one provided an explanation as to why there was a spontaneous shift into gear. The jury improperly held DTNA liable for this unforeseeable event which is not permitted under Louisiana law. See, e.g., Ford v. Pennzoil, 974 F.Supp. 559, 566 (E.D. La. 1997); Brannon v. Shelter Mut. Ins. Co., 507 So.2d 194, 197 (La. 1987); Roberts v. Benoit, 605 So.2d 1032, 1052 (La. 1991); Giddings v. Commercial Union Ins. Co., 539 So.2d 66, 70 (La. App. 2nd Cir. 1988). See also McDaniel v. Terex USA, L.L.C., 466 Fed.Appx. 365, 376 (5th Cir. 2012) (quoting Krummel v. Bombardier Corp., 206 F.3d 548, 551-52 (5th Cir. 2000)) (“a plaintiff must show evidence concerning the frequency of accidents like his own, the economic costs entailed by those accidents, or the extent of the reduction in frequency of those accidents that would have followed on the use of his proposed alternative design”).
I also disagree with the majority that the park brake design was the proximate cause of the accident. “A proximate cause is generally defined as any cause which, in natural and continuous sequence, unbroken by any- efficient, intervening cause, produces the result complained of and without which the result would not have occurred.” Sutton v. Duplessis, 584 So.2d 362, 365 (La. App. 4th Cir. 1991). The gear shift—and not the lack of additional park brakes—began the | ¡/‘natural and continuous sequence” of events that caused the accident. The tractor did not roll because it lacked additional park brakes; it rolled because it shifted spontaneously into gear. I cannot conclude that the accident was proximately caused by an unreasonably dangerous characteristic of the tractor, because the evidence showed it was caused by the unexplained, spontaneous gear shift.[2]
In my view, the facts and circumstances before this Court point so strongly and overwhelmingly in favor of DTNA on these issues that reasonable jurors could not arrive at a contrary verdict. Thus, I find that the district court erred in denying a JNOV and further find that the jury committed manifest error in concluding that the tractor manufactured by DTNA was unreasonably dangerous in its design and that the unreasonably dangerous design was a proximate cause of the damages sustained *909 by Connie Marable. For these reasons, I would be constrained to reverse the judgment of the district court on the basis of liability.

. Foreseeability of damage caused by an allegedly defectively designed product is an underlying consideration in the risk-utility analysis set forth in La. R.S. 9:2800.56, which provides:
A product is unreasonably dangerous in design if, at the time the product left its manufacturer’s control:
(1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
(2) The likélihood that the product’s design would cause the claimant’s damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in eval-
uating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

. The majority writes that "[although there was no evidence at trial establishing why the tractor suddenly slipped into gear, there was ample evidence to establish that DTNA knew the tractor could potentially move forward if it were left idling with the cab unoccupied.” I find, however, that the majority misinterprets the driver's manual’s warning that the vehicle could "move suddenly” if left “unattended with the engine running.” I cannot agree that a reasonable jury could conclude that this warning is adequate evidence of foreseeability that the vehicle could spontaneously shift into gear.