397 So.2d 490 (1981)
VERMILION CORPORATION,
v.
Norman VAUGHN.
VERMILION CORPORATION,
v.
Freddie BROUSSARD.
VERMILION CORPORATION,
v.
Larry J. BROUSSARD.
Nos. 80-C-2455 to 80-C-2457.
Supreme Court of Louisiana.
April 6, 1981.
*491 John K. Hill, Jr., Lafayette, for defendant-applicant.
*492 Charles R. Sonnier, John E. Ortego, Cooper & Sonnier, Abbeville, L. Harvard Scott, III, Harry McCall, Jr., New Orleans, for plaintiff-respondent.
DENNIS, Justice.[*]
The question presented for our decision is whether the court of appeal correctly found there was no genuine issue as to a material fact and affirmed summary judgment enjoining defendants' use of man-made navigable canals traversing private lands. We reverse the court of appeal judgment. The pleadings, depositions and affidavits on file show that there is a genuine issue as to a material fact, viz., whether the plaintiff's system of artificial waterways destroyed the navigability of surrounding natural waterways to such an extent that the defendants are entitled under federal law to use the artificial system as a substitute for the preexisting natural system of navigable waterways.
The plaintiff, Vermilion Corporation, filed these suits to enjoin the defendants from trespassing in canals that it alleged were constructed on private land with private funds and subject to its exclusive right of possession and control. The defendants in their answers claimed that the canals were navigable waters subject to a paramount right of use by the public and were not susceptible of private ownership or control. After affidavits and a deposition were filed into the record, Vermilion Corporation moved for summary judgments. The trial judge granted Vermilion's motions, rejecting defendants' assertion of a right under state law to use the artificial system as a substitute for the natural system, which defendants contended was destroyed by the plaintiff's man-made canals. The defendants reurged the impairment of natural waterways issue on appeal, but the court of appeal agreed with the district court that this issue was immaterial and affirmed the summary judgments. Vermilion Corp. v. Vaughn, 356 So.2d 551 (La.App.3d Cir.), writs denied, 357 So.2d 558 (La.1978).
On writ of certiorari to the court of appeal, the United States Supreme Court agreed with the defendants that the question of diversion or destruction of navigable, natural waterways might be material stating, "we do not think it can be said as a matter of law that if petitioners proved their factual allegations that proof would not constitute a defense under federal law to respondent's prayer for injunctive relief in the trial court." Vaughn v. Vermilion Corp., 444 U.S. 206, 209, 100 S.Ct. 399, 401, 62 L.Ed.2d 365, 369 (1979). The case was then remanded to the Louisiana court of appeal.
The Supreme Court's opinion indicates that defendants would have a right under federal law to use Vermilion's canals as a substitute for any natural, navigable waterway substantially impaired or destroyed by construction of the artificial system. The court of appeal refused, however, to return the case to the trial court to allow defendants the opportunity to offer proof that construction of the artificial waterways diverted or destroyed preexisting natural, navigable waterways because it concluded that this issue was not properly raised in the defendants' answers or affidavit. 387 So.2d 698 (La.App.3d Cir. 1980). According to the court of appeal, the defendants' answers did not affirmatively plead this defense as required, and the defendants' affidavit was not made on personal knowledge, nor did it allege a causal relationship between the construction of the artificial canal system and the impairment of the natural waterways. Finding that the documents in the record did not disclose a genuine issue of material fact, the original judgment approving the granting of summary judgment was affirmed.
The ultimate question of whether there is no genuine issue as to the material fact of impairment or destruction of a natural, navigable waterway by construction of the artificial system hinges in part on a subsidiary question: whether defendants' opposing affidavit must be disregarded because it was not made on personal knowledge or *493 because it raises an affirmative defense not pleaded in defendants' answers.
The failure of the opposing affiants to affirmatively show that their statements were made on personal knowledge does not prevent judicial consideration of their affidavits. An affidavit which does not measure up to formal standard is subject to a motion to strike. In the absence of such a motion or other objection, the lack of showing of personal knowledge is waived, unless it is clear from the affidavit itself that it is not based on personal knowledge of the facts. Barnes v. Sun Oil Co., 362 So.2d 761, 763 (La.1978). See, Scharf v. U. S. Atty. Gen., 597 F.2d 1240 (9th Cir. 1979); Lacey v. Mutual Fire Ins. Co. of Boston, 554 F.2d 1204 (1st Cir. 1977); Assoc. Press v. Cook, 513 F.2d 1300 (10th Cir. 1975); 6 Moore's Federal Practice § 56.22[1] (2d ed. 1980); Wright & Miller, Federal Practice and Procedure, Civil § 2738 (1979). In the present case, the record discloses no objection or motion to strike, and its appears the facts could have been within affiants' personal knowledge.
Defendants' failure to plead the destruction of a natural waterway in their answers does not preclude consideration of such a material fact appearing in their opposing affidavit. Although there is authority to the contrary, see cases cited at 6 Moore's Federal Practice § 56.11[3], n. 54, pp. 56-252, we think the better rule is that either the answer should be deemed amended to conform to proof offered by the affidavits or a formal amendment permitted, the affidavits considered, and the motion for summary judgment decided under the usual rule pertaining to the adjudication of summary judgment motions. Freeman v. Marine Midland Bank-New York, 494 F.2d 1334 (2d Cir. 1974); Sherman v. Hallbauer, 455 F.2d 1236 (5th Cir. 1972). Cf., Rossiter v. Vogel, 134 F.2d 908 (2d Cir. 1943); Kane v. Chrysler Corp., 80 F.Supp. 360 (D.Del. 1948); 6 Moore's Federal Practice §§ 56.10, 56.11[3] n. 39, 56.22[1] (2d ed. 1980).
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Mashburn v. Collin, 355 So.2d 879 (La.1977). To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Adickes v. S. H. Kress & Co., supra; Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The papers supporting mover's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. Adickes v. S. H. Kress & Co., supra; 6 Moore's Federal Practice, § 56.15[3].
Applying these rules to the summary judgment materials in the present case, we conclude that there is a material dispute whether the construction of navigation canals destroyed preexisting natural, navigable waterways. Defendants' affidavit, considered in conjunction with the deposition of Vermilion's general manager, clearly give rise to such an inference.
The defendants' affidavit, in pertinent part, provides:
"Prior to the development of the Humble Canal System, deponents are aware that various portions of the natural navigable waterway system in the area of Pecan Island, for example, Little Rollover Bayou and Freshwater Bayou, were actually used for purposes of transporting mail, transporting cattle, and transporting people, to and from Pecan Island on various *494 kinds of small vessels. These natural waterways only ceased to be useable for these purposes after Humble developed its artificial waterway system."
Although the affidavit does not state clearly and directly that the development of an artificial waterway caused the natural streams' loss of navigability, we think that it may be inferred reasonably that their non-navigability resulted from construction of the man-made canals.
Moreover, John Donohue, the vice-president and general manager of Vermilion Corporation, acknowledged in his deposition that one bayou was navigable prior to the construction of a canal in the area and had since become impassible because of heavy siltation. Although Mr. Donohue expressed his opinion that loss of navigability resulted from natural causes, his testimony does not reveal that he had any scientific competence or special experience that would tend to give his opinion conclusive weight.
Accordingly, when we closely scrutinize the mover's position and more indulgently treat the opposing papers, we conclude that the Vermilion Corporation has failed to satisfy its burden of making a showing that is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact.
The judgment of the court of appeal is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED TO TRIAL COURT.

* * * * * *
WATSON, J., recused.
NOTES
[*] The Honorable Gerald P. Fedoroff participated in this decision as Associate Justice ad hoc.