DOMENGEAUX, Judge.
This case was brought by Head & Engquist Equipment, Inc. (hereinafter referred to as “Head & Engquist” or “appel-lee”) to recover past due rent, freight charges, and repair costs arising from a contract of lease with appellant, Aquatic Equipment & Engineering, Inc. (“Aquatic”). The appeal was brought by the defendant-appellant contesting the trial court’s judgment granting plaintiff-appel-lee’s motion for summary judgment.
For the reasons cited below, we find error in the trial court’s ruling and reverse and remand the case for further proceedings.
The events leading to this lawsuit are as follows: In January 1981 Larry Thomas entered into three contracts with Head & Engquist on behalf of Aquatic for the lease of three heavy cranes. Aquatic contends that Mr. Thomas was an unauthorized agent and that his actions were never ratified; however, the machinery was accepted when delivered to Aquatic and monthly rent in the amount specified in the contracts was paid to Head & Engquist by Aquatic’s secretary-treasurer. In 1983 the cranes were returned to the lessor. Thereafter, Head & Engquist submitted invoices to Aquatic for (1) past due rent in the amount of $3,655.92, (2) freight charges due under the terms of the rental contracts in the amount of $602.29, and (3) repairs to the leased cranes totalling $30,919.44. Aquatic failed to pay this alleged indebtedness and formal demand was made upon it by Head & Engquist. The bills remained unpaid and this suit followed.
Plaintiff in the court below moved for summary judgment. In support of its motion, plaintiff submitted an Affidavit of Correctness of Account, the three contractual documents at issue, the invoices showing the amounts allegedly due, and the deposition of the defendant’s secretary-treasurer, Mr. Earl Hebert. The defendant filed the counter-affidavit of Mr. Earl Hebert which stated that Mr. Thomas did not have authority to bind Aquatic in the rental contracts, that the corporation never subsequently authorized Mr. Thomas’ actions, and that in any event, the amount allegedly due for repairs to the cranes was not accurate since that amount also reflected normal wear and tear of the rental equipment. Based on the evidence before him, the district judge ruled in favor of the plaintiff, granting its motion for summary judgment.
On appeal appellant argues that a genuine issue of material fact exists as to whether Aquatic was bound by the acts of Mr. Thomas, and if so, whether it was overcharged for the repairs to the crane. Further, appellant raises the issue of whether a suit filed on a contract of lease constitutes an open account sufficient to award attorney’s fees. We find a genuine issue remains concerning the amount the appellant owes the appellee. As we reverse and remand the lower court’s decision on that basis, we find no need to address the appellant’s other grounds for reversal.
The contractual documents at issue provide that the rental “agreement shall continue in full force and effect until the machinery is returned in good repair to owner....” Appellant seems to concede that if it is bound by the agreements, then it is liable unto appellee for the costs of the *1064 repairs to the cranes; however, appellant contests the amount the appellee claims is owed, citing the principal that the lessor bears the burden of decay caused by normal wear and tear. In other words, appellant’s opposition to the summary judgment rests in its conviction that the repair costs allegedly due include not only legitimate amounts to restore the machinery to good repair, but also sums used to return the cranes to “like-new” condition.
Appellant argues it is not responsible for these latter repairs. In its counter-affidavit, appellant’s secretary-treasurer stated his belief that Aquatic was overcharged for the repair work. The deposition of the appellant’s secretary-treasurer, submitted by appellee in support of the motion for summary judgment, recites that a third party estimate of repair costs concerning the cranes was considerably lower than the bill ultimately submitted by the appellee. Although not cited to us in brief, appellant’s argument is supported by La.C.C. Arts. 2717 and 2719, which state:
“Art. 2717. Repairs caused by decay or unforeseen events
The expenses of the repairs, which unforeseen events or decay may render necessary, must be supported by the lessor, though such repairs be of the nature of those which are usually done by the lessee.”
“Art. 2719. Return of things leased under inventory
If an inventory has been made of the premises in which the situation, at the time of the lease, has been stated, it shall be the duty of the lessee to deliver back everything in the same state in which it was when taken possession of by him, making, however, the necessary allowance for wear and tear and for unavoidable accidents.”
“[A] motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” Verrett v. Cameron Telephone Company, 417 So.2d 1319 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 164 (La.1982); Ortego v. Ortego, 425 So.2d 1292 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983); C.C.P. Art. 966. Further, “inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion.” Vermillion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Based on the aforementioned allegations and facts, supported by codal authority, we find that a genuine factual issue remains as to whether the entire sum claimed by appel-lees for repair work on the cranes is due and owing.
For the above and foregoing reasons the judgment of the district court is reversed and the case is remanded to the district court for further proceedings. All costs of this appeal are to be borne by appellee.
REVERSED AND REMANDED.