DUFRESNE, Judge.
This is an appeal by Interstate Fire and Casualty Co., third-party plaintiff-appellant, from a summary judgment in favor of Allstate Insurance Co., third-party defendant-appellee. Because we find that there exists a genuine issue as to a material fact, we reverse the judgment of the trial court, and remand the case for further proceedings.
The plaintiffs in this matter are the survivors of Thomas Vath, who was killed in an automobile accident. It is alleged that Vath borrowed a 1974 Volkswagen Beetle from Robert Brockhaus, Jr., a friend of his, the day before the accident. It is further alleged that just before the accident, Vath stopped the vehicle in the right hand lane of the Causeway Bridge, got out of the vehicle from the driver’s side door, and was struck by a following vehicle. This latter vehicle was driven by Javier Alonzo.
The police report of the accident contains an alleged statement by Alonzo as to how the accident occurred. That statement recites that Alonzo was in the right lane of the Causeway, apparently following Vath, when Vath made a sudden stop, and got out of the Volkswagen. Vath then ran toward the left lane of the bridge, and was struck and killed by Alonzo’s left front fender. Alonzo’s right front fender also struck the open door of the Volkswagen.
Vath’s survivors originally sued Alonzo, his employer, and their primary insurer, U.S.F. & G. Plaintiffs reached a settlement with these original defendants, but reserved their right to proceed against Interstate Fire and Casualty Co., the original defendants’ excess insurer, and the petition was amended to name Interstate as an additional defendant. Interstate, in turn, filed a third party demand for contribution and/or indemnity against Allstate Insurance Co., the insurer of Brockhaus, the owner of the Volkswagen, alleging that there was a defect in the vehicle which was causally related to the accident.
Allstate moved for summary judgment and submitted with this motion an affidavit from Brockhaus stating that he knew of no defect in the Volkswagen when he loaned it *928 to Vath. In its opposition to this motion, Interstate submitted an affidavit from Alonzo stating that the brake lights on the Volkswagen “were apparently inoperable as they never came on when the vehicle made a sudden stop.”
The trial court granted Allstate’s motion for summary judgment, without written reasons, and Interstate now appeals that judgment. The sole issue raised is whether there exists a genuine issue as to a material fact which would preclude summary judgment. In this court’s opinion there is such an issue.
Under La.Civ.Code, art. 2317, we are responsible for damages occasioned by things in our custody. Since Loescher v. Parr, 324 So.2d 441 (La.1975), this article has been interpreted so as to impose liability on the custodian of a defective thing which causes damage, whether the custodian of the thing knew of the defect or not. Moreover, in Ross v. La Coste de Monterville, 502 So.2d 1026 (La.1987), the court held that under this same article, the owner of a defective ladder was strictly liable for damages caused by that defect to a person who had borrowed the ladder.
Of course, a defendant in an article 2317 action may exonorate himself by showing that the defect was not causally related to the injury, or that the injury was caused by victim fault, the fault of a third person, or by irristible force, Ross, supra.
In the case before us, Brockhaus denies in his affidavit that he knew of any defect in the car. However, as shown above, his actual knowledge is of no consequence under article 2317. Alonzo, on the other hand, asserts that the brake lights did not come on when the Volkswagen stopped suddenly. Taking this allegation as true, which we must do for purposes of summary judgment, Vermilion Corp. v. Vaughn 397 So.2d 490 (La.1981), it clearly raises a reasonable inference that the brake lights on the vehicle were not functioning properly. Further this allegation, taken with all other allegations of fact in the case, might well lead the trier of fact to conclude that this possible defect played some part in bringing about the accident. In this cir-eumstance, we can only conclude that there is an issue of material fact to be resolved at trial of this matter, and therefore the summary judgment should not have been granted.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.