ARMSTRONG, Judge.
Plaintiff Ray A. Williams (“Williams”) appeals from a summary judgment in favor of the City of New Orleans. The disposi-tive issue is whether the City’s showing in support of its motion for summary judgment was sufficient under La.C.Civ.P. Art. 967.
On the morning of November 2, 1986, Williams was driving down Camp Street in New Orleans, following the directions of a detour sign, when his automobile struck an unmarked pile of construction debris lying in the street. Williams filed suit against the City of New Orleans and the State of Louisiana, seeking to recover damages to his automobile. Williams later amended his petition to include claims against several construction companies. Numerous cross-claims were filed among the defendants, none of which bear on the issue appealed.
On May 16, 1991, the City filed a motion for summary judgment, arguing that the State Department of Transportation and Development and its contractors were responsible for the condition of the street in question, including the posting of signs, and that the City was not involved in construction at the scene of the accident. In support of its motion, the City submitted affidavits of two employees from the City Department of Streets. In one affidavit, City employee Rick Hathaway stated, in pertinent part:
I was a Civil Engineer in the Streets Department of the City of New Orleans, Construction Division in September 1988. In that capacity I reviewed the records of the Construction Division of the Department of Streets and determined that the City of New Orleans was not involved in street construction, had not been involved in street construction and had not contracted with another entity for street construction in the 1200 block of Camp Street and/or the area of Camp Street by Prytania and Calliope Streets to be done on or about November 2, 1986.
I further depose and state that on November 2, 1986, the State of Louisiana, Department of Transportation and Development was involved in construction work at that site in connection with the Mississippi River Bridge.
I further depose and state that the barricades and detour signs at that site were placed there and were the responsibility of the contractors engaged in the work by and for the Department of Transportation.
In the other affidavit, Karen Stemley, an administrative analyst of the City of New Orleans Department of Streets, Maintenance Division, stated:
I have reviewed the records of the City of New Orleans Department of Streets, Maintenance Division, for five days before and one day after November 2, 1986 and discovered no records of maintenance work by the Maintenance Division *5 in, and no complaints relative to the conditions [of], the 1200 block of Camp Street and/or Camp Street by Prytania and Calliope Streets.
No countervailing affidavits or evidence were submitted by Williams. Following a July 21, 1992 hearing, the trial court granted summary judgment in favor of the City. Written reasons were not assigned. Williams brought this appeal. We affirm.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.Civ.P. Art. 966(B). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Schroeder, 591 So.2d at 345. Likewise, all properly filed allegations of the party opposing the motion must be taken as true and all doubt resolved in his favor. Id. Recovery in this case is governed by La.R.S. 9:2800, which establishes the following limitation on the liability of public entities, such as municipalities:
* * * no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the conditions of things within its care and custody unless the public entity has actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity had a reasonable opportunity to remedy the defect and failed to do so.
The City has offered proof, in the form of the two affidavits, that it was not involved with the construction in question, and received no complaints of the defective condition which caused the accident. The City maintains that this showing was sufficient to support a motion for summary judgment under La.R.S. 9:2800, since the City did not have care and custody of the area in question, and did not have actual or constructive notice of the defect. In both his memorandum in opposition and in his appellate brief, Williams makes no mention of La.R.S. 2800, relying instead on a long line of pre-La.R.S. 9:2800 cases which we find largely inapplicable. Even before the 1985 enactment of La.R.S. 9:2800, it was well settled that a municipality had a duty to correct a dangerous street condition which was not caused by the negligence of its own employees only if it had actual or constructive notice of the existence of the condition. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980); Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975). We conclude that the City’s unopposed showing that it was not involved in construction in the area in question and did not receive notice of the defective condition of the street was sufficient to support a motion for summary judgment.
When a motion for summary judgment has been made and supported, the party opposing the motion may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. La. C.Civ.P. Art. 967. The City correctly points out that Williams’ opposition to the City’s motion for summary judgment raises no allegations of fact. Having failed to set forth facts countering the City’s showing that it was not liable under La.R.S. 9:2800, Williams did not make the requisite showing under La.C.Civ.P. Art. 967, and the City was therefore entitled to judgment as a matter of law. See e.g. LeBlanc v. City of New Orleans, 573 So.2d 1274 (La.App. 4th Cir.1991); writ den. 575 So.2d 826 (La.1991).
In addition, Williams opposition to the City’s motion for summary judgment failed to raise a challenge to the City’s affidavits themselves. On appeal, Williams argues for the first time that the affidavits submitted by the City are insufficient because they were not based on personal knowl *6 edge, as required by La.C.Civ.P. Art. 967. In Vermilion Corporation v. Broussard, 397 So.2d 490 (La.1981), the Louisiana Supreme Court stated,
An affidavit which does not measure up to formal standard is subject to a motion to strike. In the absence of such a motion or other objection, the lack of showing of personal knowledge is waived, unless it is clear from the affidavit itself that it is not based on personal knowledge of the facts.
Id. at 493, citing Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978). We find Williams’ failure to challenge the City’s affidavits below fatal to his argument on this issue.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.