IxWALTZER, Judge.
I. STATEMENT OF FACTS:
Kenneth Dowe, a resident of Texas and President of The Dowe Company, Inc., owned and operated two radio stations, one in Lubbock, Texas and one in Shreveport, Louisiana. On April 10, 1989, attorney Ash-ton R. Hardy of the law firm Walker, Borde-lon, Hamlin, Theriot and Hardy (hereinafter “WBHTH”)[1] and Kenneth Dowe entered into a contract by engagement letter as follows:
*453 Mr. Ken Dowe
4317 Grassmere Lane
Dallas, TX. 75205
RE: The Dowe Company, Inc.
Our File No. 1833-001
Dear Ken:
Confirming our telephone conversation, we will begin performing legal services for you and your corporate radio station licensees in Lubock [sic], Texas and Shreveport, Louisiana on an as requested basis. You have asked that I provide you with a Public File Check List and I am enclosing herewith the current list to enable you to have each of the station managers check the Public Files for completeness. If you or the managers have any questions concerning any missing documents, please let me know as we can recover them momentarily from the Commission.
If you would like for me to send a separate Client Newsletter to each of the station managers, we would be happy to do so. Please let me have the name and address of each of the station managers and I will put them on the mailing list for future Client Newsletters.
_|aAs discussed, I am also enclosing a copy of the FCC Inspection List. This list will provide you with the precise check list used by the FCC conducting a station inspection. I would suggest that you provide a copy of this to each of your station managers and have them periodically conduct their own “mock inspection” to ensure that each station is up to regulatory speed.
As we open each new client file with an appropriate Engagement Letter, I thought it appropriate to provide you with an explicit statement of our firm’s fee and billing policy. It is our firm’s policy to bill all clients as services are performed, normally on a monthly basis for services performed and expenses incurred during the preceding month. Services are generally billed on an hourly basis, with consideration give(sic) to other factors, such as time and labor required, preclusion of other employment, special issues that are novel or difficult, time limitations imposed by you, and the results obtained. The hourly rates currently charged by the firm for the attorneys in the firm are set for(sic) on the enclosed schedule.
Monthly statements are payable upon receipt. The statement will detail the work performed as well as all expenses and costs incurred during the month. In the event payment of the statement is not received within sixty (60) days from the date of the statement, interest at the rate of one and one half per cent (1.5%) per month (18% per annum) will accrue beginning on the sixty-first (61st) day. If there is ever a question about any statement, the handling attorney or I will be available to discuss it with you.
It is our firm’s policy for any major project to normally require an initial retainer, but in view of the fact that you have not assigned us a major project at this time we are not requiring a retainer. We reserve the right to require a retainer in the future as your need for our services develops. Current services and expenses will be billed against the retainer as services are rendered. If appropriate, during the course of our representation, we may from time-to-time require that you remit sufficient funds to maintain the retainer balance. If you request that we undertake additional matters, or if the scope of the current matter is enlarged, we may require an increased retainer.
If you have any questions about our policy or procedure, please feel free to call me. In order that both of our files might be complete, please sign a copy of this letter and return it to me.
I welcome this opportunity to provide legal services to you on an ongoing basis. I am confident you will find that we are able to serve as your Communications counsel. While ongoing work might be provided by other members of the firm, you should consider me personally to be the station’s attorney and I will be happy to respond to any questions you might have regarding the work performed by any member of our firm.
With kindest personal regards, I am
Very truly yours,
WALKER, BORDELON, HAMLIN THERIOT AND HARDY /s/
hAshton R. Hardy
*454 AGREED TO:
/s/
Ken Dowe
ARHrlmb
Enclosure
As evidenced by his signature on the contract, Mr. Dowe did not sign “President, The Dowe Company, Inc.” which would have been in his corporate capacity, instead he signed the contract personally, thus making himself personally liable on the contract.
WBHTH provided legal services from 1989 through 1992. On April 10, 1992 WBHTH made written demand for the past due balance of $56,440.05. No payments were made and WBHTH filed a suit on an open account on July 22, 1992. The service request on the suit on open account provides as follows:
SERVICE BY CERTIFIED MAIL RETURN RECEIPT REQUESTED PURSUANT TO THE LOUISIANA LONG-ARM STATUTE:
The Dowe Company, Inc. through its registered agent for service of process
Kenneth Dowe
7619 Marquette
Dallas, TX 75225
Kenneth Dowe
4317 Grassmere Lane
Dallas, TX 75205
ALSO VIA REGULAR MAIL TO:
The Dowe Company, Inc. through its registered agent for service of process
Kenneth Dowe
7619 Marquette
Dallas, TX 75225
Kenneth Dowe
4317 Grassmere Lane
Dallas, TX 75205
On the left side of the first page of original petition are the notations:
2 c/c C.H. 7/22/92
2 c/c C.H. 8/27/92
Those notations are the notations customarily made by the clerks at Civil District Court when they issue citations for service and the above notations would indicate two citations issued July 22, 1992 and two citations issued August 27,1992.
|4On August 6, 1992, the following affidavit of service was filed into the record:
BEFORE ME, the undersigned authority, appeared Brenda Cherry, who being duly sworn, declared that:
She as an employee of Bordelon, Hamlin, Theriot and Hardy [2], a Louisiana Partnership, caused to be mailed by United States Mail, certified return receipt requested, postage paid, a copy of the citation and petition of the above-captioned suit to Kenneth Dowe, on July 24, 1992.
Service was effectuated on July 27, 1992 as evidenced by a copy of the return receipt card along with a copy of the citation,
/s/ Brenda Cherry
SWORN TO AND SUBSCRIBED BEFORE ME THIS 5 DAY OF AUGUST, 1992.
/s/
NOTARY PUBLIC
Attached thereto is a copy of the citation and a copy of the certified mail receipt and a copy of the green return card indicating that it was addressed to Kenneth Dowe at 4317 Grassmere Lane, Dallas, TX 75205. The copy of the green card also has his original signature at line 5 “Addressee”, indicating that Mr. Dowe personally received the citation and that he signed for it. At line 7 the green card indicates the “Date of Delivery” as July 27,1992.
On August 27, 1992 the trial court granted plaintiffs order to appoint a special process server under LSA-R.S. 13:3204(a). On September 16, 1992, plaintiff filed a proof of service into the record indicating that both defendants were served on September 9, 1992. Attached thereto was the affidavit of the special process server which provided as follows:
*455 BEFORE ME, the undersigned authority, appeared NEIL CURRAN, who, under oath, declared as follows:
1. By Order of the Civil District Court for the Parish of Orleans dated August 27, 1992, he was appointed special process server in matter CDC # 92-12693 Division “C,” entitled Walker, Bordelon, Hamlin, Theriot and Hardy, |sa Louisiana Partnership versus The Dowe Company, Inc. and Kenneth Dowe, to effectuate service on defendants The Dowe Company, Inc. and Kenneth Dowe.
2. On September 9, 1992, he made personal service on The Dowe Company, Inc. through its President, Kenneth Dowe, and on Kenneth Dowe individually) by serving them both at 4317 Grass-mere Lane, Dallas Texas 75205.
/s/ Neil Curran
SWORN TO AND SUBSCRIBED BEFORE ME THIS 10 DAY OF SEPTEMBER, 1992.
/s/ANDREA N. LEWIS NOTARY PUBLIC
On October 1, 1992 Kenneth Dowe filed a pleading entitled “Special Appearance to Present Motion Objecting to Jurisdiction”. In that pleading Dowe stated in paragraph III that the Court does not have any jurisdiction over him “for the reason that neither (he) nor his property is amendable(sic) to process issued by the courts of Louisiana (because) ... Dowe does not now engage and has not engaged in business in Louisiana ...” [emphasis added]. On June 4, 1993, plaintiff filed an Opposition to Defendant’s Special Appearance to Present Motion Objecting The (sic) Jurisdiction and Memo in Support thereof. Defendant Dowe never set his special appearance for a hearing, so plaintiff moved for a hearing which was set for July 2, 1993. On June 11, 1993, the Clerk of Division C of Civil District Court issued notice of the hearing to Dowe by certified mail number “P 028-453-11T” which was returned unclaimed by the postal service. Pursuant to the July 2 hearing the trial court issued the following judgment on July 13,1993:
When, after considering the matter, and finding that the record fails to show that service of the order setting this matter for hearing was made, the court cannot render judgment against the defendants; therefore,
IT IS ORDERED, ADJUDGED AND DECREED that the rule to show cause be dismissed, granting leave to re-set the exception.
hThe July 13 judgment was not a final judgment — it only dismissed the rule to show cause and granted leave to reset the exception.
Plaintiff states in his brief at page 2:
(t)he court notified Dowe of the hearing ... After WBHTH presented evidence at the hearing, the court took the matter under advisement and on July 13, 1993, issued an interlocutory ruling, maintaining Dowe’s exception only because the judge did not see that service of the notice of the July 2, 1992 (sic) hearing was in the record.
Plaintiffs above quoted statement is supported by the record, indeed, the trial court judge, himself, corroborates it when he states in writing in his judgment of July 28:
Notice of the hearing on this opposition was sent by certified mail directed to the address shown on the objection filed. Notice of the hearing was mailed June 11, 1993.
It is further supported by the record in that documentation of the certified mailing is contained therein. The receipt for certified mail number “P028453111” dated “11 June 93” and the green return card bearing the same Article Number and no signature indicating receipt are in the record, along with the envelope for that mailing. The envelope has the printed return address “Civil District Court Dale N. Atkins, Clerk Civil Courts Building 421 Loyola Avenue New Orleans, LA 70112” and the handwritten notation “C” above the printed return address. There is no doubt that it is a Civil District Court Clerk’s Office envelope. The envelope bears the green certified mail label for Article Number P028453111, is addressed to Kenneth Dowe at 4317 Grassmere Lane, Dallas, TX 75205, has a postage meter stamp dated “Jun 11’93” and a cancellation stamp from the New Orleans post office dated “14 Jun *456 1993”. The envelope also bears two post office stamps stating “Unclaimed Dallas, Texas 75206-9998” and the handwritten notations by the postman indicating the dates of the attempted delivery “6-17-93, 6-22-93, 7-2”.
|?The Clerk of Division C certified that notice of the July 13 judgment was sent to Dowe at the Grassmere address on July 16, 1993.
On July 28, 1993, when the trial judge realized that notice had indeed been sent by the court[3], the trial court attempted to recall its prior judgment and recast it as the following:
This matter came before the Court on the pleading styled Objection to Jurisdiction filed by Kenneth Dowe. The objection was filed In Proper Person. Notice of the hearing on this opposition was sent by certified mail directed to the address shown on the objection filed. Notice of the hearing was mailed June 11,1993.
After considering the testimony of Ash-ton R. Hardy to the effect that Mr. Dowe contracted for the services of the law firm in Shreveport, La. and that the services were performed here in New Orleans and that prior payments were made by Mr. Dowe to the firm’s New Orleans address, and the engagement letter filed, dated April 10, 1989, the Court being convinced that sufficient contacts existed within the state of Louisiana:
IT IS ORDERED that the Objection to Jurisdiction filed by Kenneth Dowe be and hereby is overruled. Kenneth Dowe is granted fifteen days from this date in order to file further necessary pleadings.[4]
This is the point at which the trial court committed error. Once the notice of the July 13 judgment was sent to Dowe, the trial court had to reset the exception for hearing and notify the defendant before holding the hearing at a later time; this was not done.
A preliminary default was granted on September 9 and it was confirmed on September 22, 1993. The September 22, 1993 judgment provided:
|8IT IS ORDERED, ADJUDGED AND DECREED, that there be Judgment herein in favor of Plaintiff Walker, Bordelon, Hamlin, Theriot and Hardy, a Louisiana Partnership, and against the Defendant, Kenneth Dowe in the full sum of FIFTY SIX THOUSAND FOUR HUNDRED FORTY AND 05/100 ($56,440.05) DOLLARS, together with legal interest from the date of Judicial Demand, until paid, and for attorneys’ fees in the amount of $10,000.00, and for all costs of these proceedings.
Notice of the signing of judgment was issued by the clerk of Division C on September 27, 1993 and was returned by the post office as unclaimed. As no appeal was taken, when the judgment was final plaintiffs took it to Texas and began execution on the judgment.
On August 23,1994 defendant Dowe filed a petition to annul the September 22, 1993 judgment on the grounds that “(a) hearing was scheduled on the Exception of Jurisdiction filed on behalf of Dowe. Service was not properly made on Kenneth Dowe with the notice of the hearing on the Exception.” He further argued that the judgment was obtained against the wrong party and that the judgment should be only against the corporation.
On February 22, 1995, WBHTH filed an answer specifically requesting judicial notice of the record in the prior case. Dowe filed a Motion for Summary Judgment and a Memo in support thereof. WBHTH filed an opposition and hearing was held on June 23, 1995. *457 On June 27,1995 the trial court rendered the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that Summary Judgment be granted, striking the order signed on the 28th day of July, 1993, setting aside the preliminary default which was rendered on the 9th day of September, 1993, and nullifying the Judgment confirming the default entered against Kenneth Dowe on the 22nd day of September, 1993.
Hardy appeals the June 27, 1995 judgment. We note that there is no transcript of the June 23, 1995 hearing contained in the record before us.
19H. STANDARD OF REVIEW OF SUMMARY JUDGMENT
LSA-C.C.P. art. 966(B) provides that a summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. In reviewing the documents all evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4 Cir.), writ denied 629 So.2d 404 (La.1993). In Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4 Cir.1993), this court reviewed the jurisprudence on standard of proof for a summary judgment:
To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion Corp. v. Vaughn, supra. Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). No summary judgment will be granted even if the trial court has grave doubts regarding a party’s ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1 Cir.1980), [writ denied 391 So.2d 460 (La.1980) ].
We further note that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (4/11/94), 634 So.2d 1180, 1182; Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991).
110In his petition to annul Dowe states:
4.
A hearing was scheduled on the Exception of Jurisdiction filed on behalf of Dowe. Service was not properly made on Kenneth Dowe with the notice of the hearing on the Exception.
5.
Following the hearing on the Exception, defendant obtained a preliminary default and confirmed the preliminary default on or about September 22,1993 ...
6.
The judgment was obtained without proper notification of the plaintiff of the hearing on the Exception of jurisdiction. The judgment was also obtained against the incorrect party ...
7.
The obtaining of the preliminary default and the judgment by Walker, Bordelon, Hamlin, Theriot and Hardy constitutes ill practice under the Louisiana Code of Civil Procedure Article 2004 and the judgment should be annulled on this basis.
*458 A hearing was scheduled on July 2 and Kenneth Dowe was noticed as to that hearing on June 11. Service on Dowe on the 11th by certified mail notifying him of the hearing on July 2 was valid even though Dowe refused to claim the certified letter at the post office.[5]
The problem in the instant case, however, arises because the trial court did not reset the motion for a hearing and notify Dowe that by its own motion it had set the exception for another hearing on July 28.
The trial judge in the suit to annul found and stated in his reasons for judgment that there was nothing in the record to show that a second hearing on the exception was set nor notice sent. Thus the exception to the jurisdiction was still pending on July 28, 1993 and the judgment overruling it was improper, such that | nno default judgment could be rendered. We agree. Thus we conclude that the judgment on July 28 was invalid and we affirm for the reasons stated by the trial judge.
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.

MURRAY, J., concurs.

. Since the contract was confected, the law firm has reorganized and all interests in the account receivable at issue have been assigned to Ashton R. Hardy. WBHTH and Mr. Hardy filed a motion in this court requesting that the caption of the suit be changed to correctly reflect the successor in interest.

. The partnership underwent several name changes.

. The instant record was one of the worst messes this court has seen. In order to review the record, it was necessary to take the entire record apart and put it back together page by page. Where there were pleadings with multiple pages, all of the pages had been separated from each other and disbursed throughout the record. We also found misfiled in this record a receipt for certified mail that clearly belongs in another unrelated lawsuit.

. Further prejudicing Dowe is the lack of service of the July 28 judgment. At the bottom of that judgment is a request for service of the judgment on Kenneth Dowe at the Grassmere Lane address, but there is no evidence of mailing of the July 28 judgment in the record.

. This court has repeatedly held that a litigant may not defeat service by merely refusing to accept the letter containing the citation. Dean v. Waters, 95-2352 c/w 95-2365, (La.App. 4 Cir. 12/14/95), 667 So.2d 1137; Ahlers v. Ahlers, 384 So.2d 474 (La.App. 2 Cir.1980); Howard Ave. Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4 Cir.1977) writ denied 354 So.2d 1376 (La.1978); Thomas Organ Co. v. Universal Music Co., 261 So.2d 323 (La.App. 1 Cir.1972). The fact that Mr. Dowe chooses to ignore the notice does not in any way invalidate a judgment against him.