12DALEY, Judge.
Plaintiff, Richard A. Vairin, Jr., appeals the trial court’s grant of summary judgment finding the professional liability policy issued by defendant, Scottsdale Insurance Company, does not provide coverage for the acts complained of in the petition.
Plaintiff is a property owner who leased an apartment in Metairie to defendant, Residential Center, Inc., for use as a drug and alcohol rehabilitation center. Defendant, Neil Eddington, Ph.D., ran the operation and is the named insured under the Scottsdale policy. At the conclusion of the lease term, defendants vacated the property and allegedly over $9,000.00 of property damage was caused to the apartment by defendants’ patients. Plaintiff sued Residential Center, Inc. under the lease agreement and Eddington and his malpractice carrier, Scottsdale Insurance Company, under tort law to recover the cost to repair the property.
RScottsdale moved for summary judgment contending the policy issued to Eddington is a professional liability policy which excludes coverage for this damage based on the following policy provision:
“HI. EXCLUSIONS
This policy does not apply:
(d) to liability assumed by the INSURED under any contract or agreement, either oral or in writing;”
Scottsdale argues that Eddington, pursuant to his lease agreement with plaintiff, agreed to assume liability for damage to the property and therefore, the above exclusion applies to exclude coverage. Plaintiff contends Eddington was not a party to the lease (as an individual) and that there was no written or oral agreement assumed by Eddington regarding liability. The lease agreement names Rene Gonzales, as landlord, and Center For Supervised Residential Services, Inc., as tenant.
Plaintiff contends Eddington is liable in tort because he was the chief professional care provider for the center and was negligent in his supervision of patients who were under his professional control, supervision and direction while housed at the property. Eddington’s negligence in failing to properly supervise, control, direct and monitor his patients and their conduct allegedly resulted in the damage to plaintiffs property. Based on this argument, plaintiff contends the contract exclusion is not applicable and that Eddington’s acts and omissions fall within the policy provisions.
The policy at issue provides in Section I as follows:
COVERAGE P. PROFESSIONAL LIABILITY
“The Company will pay on behalf of the Insured all sums which the INSURED shall become legally obligated to pay as DAMAGES because of injury arising out of any negligent act, error or omission in rendering or failure to render professional services, during the policy period, of the type described in the Description of Hazards shown above, ^whether committed by the INSURED or by any person for whom the INSURED is legally responsible.”
Section III of the policy provides the following list of exclusions to coverage:
“EXCLUSIONS
This policy does not apply:
a) to any dishonest, fraudulent, criminal or malicious act or omission of the INSURED, any partner or employee;
*1209 b) to any injury arising out of the rendering of or failure to render professional services not described in the Description of Hazards shown above;
e)to liability arising out of the ownership, maintenance, operation, use, loading or unloading of any vehicle, watercraft or aircraft;
d) to liability assumed by the INSURED under any contract or agreement, either oral or in writing;
e) to any obligation for which the INSURED or any carrier as his insurer may be held liable under any worker’s compensation, unemployment compensation or disability benefits law, or under any similar law;
f) to bodily injury to any employee of the INSURED arising out of, and in the course of his employment by the INSURED;
g) to any loss or claims based upon or arising out of the Securities Exchange Act of 1934 or any amendment thereof or addition thereto or any State Securities Act (also known as “Blue Sky Laws”) or amendments thereof or additions thereto;
h) to any loss arising from the practice of law;
i) to liability of an INSURED for his acts or omissions as a doctor of medicine.”
However, there is no section in the policy of record entitled “Description of Hazards” as referred to in Sections I and 111(b).
In Reynolds v. Select Properties, Ltd., 634 So.2d 1180, 1182, 93-1480 La. 4/11/94 (La. 1994) the Louisiana Supreme Court, in reviewing the rales pertaining to the issue of insurance coverage on a Motion for Summary Judgment, stated:
A Motion for Summary Judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a | smarter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La. 1981). The burden is on the mover to establish that no material fact issues exist. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600, 605 (La. 1986). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder, 591 So.2d at 345.
The purpose of liability insurance is to afford the insured protection from damage claims. Policies therefore should be construed to effect, and not to deny, coverage. Thus, a provision which seeks to narrow the insurer’s obligation is strictly construed against the insurer, and, if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. Garcia v. St. Bernard School Bd., 576 So.2d 975, 976 (La.1991); Breland v. Schilling, 550 So.2d 609, 610 (La.1989).
We find the trial court erred in granting summary judgment because Scottsdale did not establish there is no genuine issue of material fact. The policy language at issue does not unambiguously exclude coverage. Plaintiffs petition alleges Eddington’s negligence in failing to properly supervise, control, direct and monitor his patients being housed at the facility. Additionally, it has not been established that Eddington’s actions resulted in plaintiffs property damage. Further, the exclusionary clauses arguably do not relate to the conduct of Eddington at issue. Although reference is made to acts covered by the policy “... of the type described in the Description of Hazards ... ”, there is no section in the policy of record *1210 wherein the hazards covered are listed. Finally, the exclusion argued by Scottsdale for liability assumed by Eddington under any oral or written agreement is not applicable because Residential Center, Inc., not Eddington, executed the lease contract and plaintiffs allegations against Eddington sound in tort.
|6Thus, we find there is a genuine issue of material fact as to whether Eddington’s alleged failure to properly supervise, control, direct and monitor his patients and their conduct falls within his professional duties as the chief care provider for the center and whether these acts are covered under the policy at issue. Therefore, we find the trial court erred in granting summary judgment.
Accordingly, the trial court judgment granting summary judgment in favor of defendant, Scottsdale Insurance Company, is reversed. This matter is remanded to the trial court for further proceedings. Scottsdale Insurance Company to bear all of this appeal.
REVERSED AND REMANDED.
BOWES, J., dissents.