I iPLOTKIN, Judge.
Defendant City of New Orleans appeals a trial court judgment awarding plaintiff Terri Fazande $163,000 in damages for injuries sustained when she fell down stairs in the basement of the New Orleans Rivergate Center (“the Rivergate”). We affirm.
Facts
On August 1, 1992, Ms. Fazande, was a security guard working as an employee of New Orleans Private Patrol (“NOPP”). She was assigned the midnight to 8 a.m. shift at the Rivergate pursuant to an agreement between the City and NOPP to provide security at the Rivergate. One of the requirements of her position was to go down into the basement, where a tunnel was located, to check for water and make sure the pumps were working several times a night, more often when it was raining. This portion of *739 the job was instituted when the tunnel flooded, and the City was forced to replace the pumps.
The parties disagree on the factual circumstances surrounding Ms. Fazande’s accident. Ms. Fazande claims (and the trial court found) that the stairs were unstable and that they wobbled whenever she stepped out on the platform. |2Moreover, Ms. Fázande testified that the bottom steps had been submerged under water during the time the tunnel was flooded and that the City had failed to replace the deteriorating steps. She also stated that the stairs, which were apparently constructed of plywood, were often wet and/or damp, and that they were almost constantly covered with mud. Finally, Ms. Fa-zande claims that the tunnel was poorly lighted, and that the security. personnel were forced to carry a flashlight when going down to check the pumps. Ms. Fazande’s co-employee, Anita Martin, corroborated her testimony. Ms. Martin had been on duty at the time Ms. Fazande fell and went into the tunnel to help Ms. Fazande get back up the stairs.
Ms. Fazande claims that she suffered severe, crippling injury when the third or fourth step cracked as she stepped on it, causing her to fall to the bottom of the tunnel below. She filed suit against the City of New Orleans on June 1, 1993. The City did not file an answer until September 2, 1994; that answer did not plead the affirmative defense of statutory employee. The case was set for trial on two different occasions during the first six months of 1996, but it was continued both times. Thereafter, on November 8, 1996, approximately four months prior to trial, the City raised the statutory employer defense for the first time in a motion of summary judgment, which was denied by the trial court without reasons on December 5, 1996. The City apparently did not seek supervisory writs on that judgment. Neither did the City seek leave to amend its answer in order to formally plead the statutory employer defense.
Following the trial on the matter, the plaintiff made a motion for Involuntary Dismissal of the statutory employer affirmative defense, which was granted by the trial court for oral reasons stated in open court. Thereafter, the court rendered [¿judgment in favor of Ms. Fazande, awarding her $33,000 in medical expenses and $130,000 in general damages.
The City appeals, assigning two errors:
1. The trial court improperly dismissed its affirmative defense, then found that it had failed to prove the requirements for establishing the statutory employer defense.
2. The trial court improperly found liability on the part of the City under the provisions of LSA-R.S. 9:2800.
Statutory employer defense
Citing LSA-R.S. 23:1032 and 1061, the City claims that it was Ms. Fazande’s statutory employer at the time of the accident and that her tort action is barred by the exclusivity provisions of the worker’s compensation law. In her oral reasons for judgment on this issue, the trial court stated as follows:
For the following reasons, the court holds that the plaintiff is not a statutory employee. The defense of statutory employment is an affirmative defense that must be specifically plead. In addition, the party asserting the defense has the burden of proof.
The defendant asserts that it is not necessary to raise such a defense in an answer. Instead relying on Vermillion[Vermilion] v. Vaughn, 397 So.2d 490 (La.1981).[sic] Defendants argue that it is sufficient to plead the defense in a motion for summary judgment.
However, in Vermilion, the court relied upon the fact that affidavits were submitted to support the motion for summary judgment, here no such affidavits were submitted, [sic]
Additionally, the court in Vermillion[Vermilion] held that formal amendment will also suffice. There has been no such formal amendment. For these reasons, the court holds that this defense is not properly before the court.
In addition, the court holds that even if the statutory employer defense was properly before the court[,] the defendant has *740 not met its burden of proof under the totality of the circumstances test for statutory employees as set forth in Griffin v. Wal-Mart, 662 So.2d 1043[1042] at 1045 (La.App. 2nd Cir.1996), writ denied 667 So.2d 1059.
The first issue to be decided is whether the trial court properly concluded that the City’s statutory employer defense was not properly before the court. La. |4C.C.P. art. 1005, relative to affirmative defenses, provides, in pertinent part, as follows:
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction and compromise, and any other matter constituting an affirmative defense.
From the above article, the rule that the statutory employer defense must be plead in the defendant’s answer was derived.
In support of its position that it is not required to plead the statutory employer defense in its answer, the City cites the Louisiana Supreme Court’s case of Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The Vermilion Corp. case does not involve the failure to specifically plead a statutory employer defense, but a “failure to plead the destruction of a natural waterway,” which was considered by the court as an affirmative defense. See 397 So.2d at 493, where the opinion refers to “an affirmative defense not pleaded in defendants’ answer.” The plaintiffs in that suit sought to enjoin the defendant from trespassing on man-made canals traversing private lands. Plaintiffs filed a motion for summary judgment, and attached an affidavit that addressed the destruction of a natural waterway. The court stated as follows:
Defendants’ failure to plead the destruction of a natural waterway in their answers does not preclude consideration of such a material fact appearing in their opposing affidavit. Although there is authority to the contrary, see cases cited at 6 Moore’s Federal Practice s 56.11(3), n. 54, pp. 56-252, we think the better rule is that either the answer should be deemed amended to conform to proof offered by the affidavits or a formal amendment permitted, the affidavits considered, and the motion for summary judgment decided under the usual rule pertaining to the adjudication of summary judgment motions. Freeman v. Marine Midland Bank-New York, 494 F.2d 1334 (2d Cir.1974); Sherman v. Hallbauer, 455 F.2d 1236 (5th Cir.1972). Cf., Rossiter v. Vogel, 134 F.2d 908 (2d Cir.1943); Kane v. Chrysler Corp., 80 F.Supp. 360 (D.Del.1948); 6 Moore’s Federal Practice ss 56.10, 56.11(3) n. 39, 56.22(1) (2d ed.1980).
397 So.2d at 493. In the Vermilion Corp. case, the Louisiana Supreme Court denied the motion for summary judgment, finding that the information contained in the defendants’ affidavits attached to their opposition to the motion for summary judgment was sufficient to raise a material factual issue.
The trial court’s oral reasons for judgment in the instant case indicate that she sought to distinguish the instant case from the Vermilion Corp. case based on the fact that the Vermilion Corp. case contained an affidavit raising the genuine issue. The City claims that the trial court’s interpretation is too narrow, and that the Vermilion Corp. case should be read to allow an affirmative defense to be raised in any of the “papers” attached to the motion or opposition, not just affidavits. The plaintiff claims that Vermilion Corp. is distinguishable because “the linchpin issue was whether the defendants’ opposing affidavit should have been disregarded because it was not made on personal knowledge or because it raised an affirmative defense not pleaded in the defendants’ answer.” The plaintiffs cite the following language from Vermilion Corp. in support of the trial court’s decision: “the better rule is that either the answer should be deemed amended to conform to proof offered by the affidavits or a formal amendment permitted.” Id. at 493.
Subsequent to the Vermilion Corp. case, this court held in Davis v. Kreutzer, 93-1498 (La.App. 4 Cir. 2/25/94), 633 So.2d 796, writ denied, 94-0733 (La.5/6/94), 637 So.2d 1050, that the statutory employer defense is an *741 affirmative defense which must be specifically pleaded in the answer. Moreover, the City never attempted to amend its answer to properly plead the statutory employer 1 (¡defense, even after the trial court denied its motion for summary judgment on that issue.
Moreover, the Vermilion Corp. case has never been read by any Louisiana court to modify the long-standing rule requiring that defendants raise affirmative defenses in their answer, as is evidenced by the City’s failure to cite any cases allowing the statutory employer affirmative defense to be plead after the defendant’s answer. We find that the Vermilion Corp. case does not abrogate the requirement that a defendant plead an affirmative defense in his answer. The procedural posture of the Vermilion Corp. case cannot be ignored in deciding its precedential value. That case involved a motion for summary judgment against a defendant at a time when Louisiana law did not favor summary judgment and, in fact, required strict proof of entitlement prior to the entry of summary judgment. Had the court refused to consider the affidavit in question, it would have been forced to grant a summary judgment in favor of the plaintiffs, despite the clear existence of a genuine issue of material fact making summary judgment inappropriate. The Supreme Court’s decision in that case is clearly designed to balance equities under that unique factual situation.
Accordingly, we affirm the trial court judgment dismissing the City of New Orleans’ statutory employer affirmative defense because it was not properly before the court. We pretermit discussion of whether the City proved its entitlement to the statutory employer defense.
^Liability of the City
The City also claims that the trial court improperly found that it was liable for Ms. Fazande’s injuries. On this issue, the trial court stated in her oral reasons for judgment, as follows:
On the issue of liability, it has been stipulated by it [sic] parties that the City was the operating party who contracted with New Orleans Private Patrol to provide security services at the Rivergate facility.
The plaintiff asserts that on August 1, 1992 she slipped and fell on the steps leading to the tunnel at the New Orleans Rivergate. At the time, the defendant was employed by New Orleans Private Patrol as a security guard.
As part of her job she was required to inspect the tunnel for standing water. The steps were the only way to reach the tunnel. There has been evidence from several witnesses including the plaintiffs witness, Ms. Martin, a co-employee and Mr. Dwayne Wilson, plaintiffs former supervisor that the stairs were wobbly, unstable and wet.
In addition, they were dimly lit and the tunnel was constantly damp and wet. Pursuant to R.S. 9:2800, a public entity such as the City of New Orleans is not responsible for damages caused by the condition of the thing within its care and custody unless the public entity had notice of the vice or defect.
In the present case, Mr. John Scott, the building maintenance supervisor for the City of New Orleans testified that he had not received any complaints about the steps. However, there was also evidence to indicate that the premises had been leased out during part of 1992 and in that case Mr. Scott wouldn’t have received the complaints.
In addition, the court notes that the City was aware of the water in the tunnel because Mr. Radaker testified that the City installed new pumps to keep the water at a certain level. Therefore, the court holds that the City had constructive notice of the defective condition of the steps.
The court also holds that the dampness, dim lighting and instability of the steps created an unreasonable risk of harm for which the city is liable.
In order to prove a defendant’s liability under either negligence or strict liability principles, the plaintiff is required to prove all of the following elements: (1) the City owned or had custody of the thing which caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm to others; (3) the City had factual or constructive *742 knowledge or notice of the defect prior to the accident and failed to take corrective action within a reasonable time; and (4) causation. Oster v. DOTD, 582 So.2d 1285 (La.1991). The City claims that Ms. Fazande failed to establish the second and third elements of her cause of action.
First, the City claims that evidence presented at trial indicated that the steps were not defective. In support of that argument, the City presented the testimony of five persons. First, Donald Senez, NOPP dispatcher and night supervisor, testified that he never had problems with the stairs when he visited the Rivergate in his capacity of supervisor. Second, V.J. Rabkar, a City worker who helped install the new sump pumps, testified that he had no problems on the stairs while installing the pumps. Third, John Scott, rounds building and maintenance superintendent for the City Property Management Division, testified from memory that he never received any complaints about the stairs in the basement of the Rivergate. Fourth, Dwayne Wilson, NOPP supervisor who helped Ms. Fazande get back up the stairs on the night of the accident, testified that he did not see any broken steps and that the stairs and tunnel were “in working order” when he went down. Fifth, Thomas McGoey, senior real estate manager for the City Property Management Department, testified that he found no problems with the stairs during an investigation or while giving tours of the building during the casino bidding process.
In order to prove the defect element, the plaintiff presented her own testimony, as well as the testimony of Ms. Martin. Ms. Fa-zande testified that security guards assigned to the Rivergate “constantly” complained about the dangerous state of the stairs in the tunnel. Moreover, she testified that the tunnel was poorly lit and that the stairs were wet, damp, and muddy all the time. She | gtestified that the deteriorating condition of the stairs caused her fall. Her testimony was corroborated by Ms. Martin. The trial court believed Ms. Fazande and Ms. Martin.
As in this court’s recent opinion Dixon v. Winn-Dixie Louisiana, Inc., 93-1627 (La.App. 4 Cir. 5/17/94), 638 So.2d 306, the City’s version of the facts surrounding the dangerous condition of the stairs in this case is different in several significant details from Ms. Fazande’s version. “However, decisions made by the finder of fact based purely on credibility calls when two permissible views of the evidence exist can virtually never be manifestly erroneous, and thus are not subject to reversal by appellate courts.” Id., 638 So.2d at 318, citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). “The factfinder’s decision in such cases must be affirmed so long as it is reasonable.” Dixon, 638 So.2d at 318, citing Stobart v. State, Through DOTD, 617 So.2d 880, 882-83 (La.1993). Therefore, the trial court’s finding that the stairs were unreasonably dangerous is affirmed.
Second, the City claims that Ms. Fa-zande failed to prove that it had actual or constructive notice of the alleged unreasonably dangerous condition of the stairs. The plaintiff claims that the City had constructive notice because of its knowledge that the tunnel had flooded and the steps had been submerged. Moreover, she claims that she and other security guards assigned to the River-gate made numerous complaints concerning the dangerous condition of the stairs in the tunnel. Once again, the trial court believed Ms. Fazande on this issue. Since the record contains factual support for the trial court’s conclusion, it may not be reversed on appeal. Dixon, 638 So.2d at 318.
| ^Conclusion
For the above and foregoing reasons, the trial court judgment awarding Ms. Fazande $163,000 in damages is affirmed. All costs of this appeal are to be borne by the City.
AFFIRMED.